Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYDS a/s/o
LAMEX AGRIGOODS, INC.,                                   20 Civ.

       Plaintiff,

       - against -                                      **COMPLAINT**

HAPAG-LLOYD AKTIENGESELLSCHAFT, d/b/a
HAPAG-LLOYD,

       Defendant.
-----------------------------------------------------------X

    Plaintiff, CERTAIN UNDERWRITERS AT LLOYDS a/s/o LAMEX AGRIGOODS, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

2.    At all material times, CERTAIN UNDERWRITERS AT LLOYDS (hereinafter "Lloyds" or "Plaintiff") was and is an insurance and reinsurance market located in London, United Kingdom, organized and existing by virtue of the laws of the United Kingdom, operating as a partially-mutualized marketplace within which multiple financial backers, grouped in syndicates, come together to pool and spread risks and issue Certificates of Insurance, with an office and place

of business located at One Lime Street, London EC3M 7HA, United Kingdom, and is the subrogated underwriter of a consignment of 1100 Boxes IQF Frozen Strawberries, as more specifically described below.

3.      At all material times, LAMEX AGRIFOODS, INC., (hereinafter "Lamex" or "Plaintiff") was and is a corporation with an office and place of business located at 800 Brickell Ave, Ste 700, Miami, Florida 33131, and was the owner and/or consignee of a consignment of 1100 Boxes IQF Frozen Strawberries, as more specifically described below.

4.      At all material times, defendant, HAPAG-LLOYD AKTIENGESELLSCHAFT (hereinafter "Defendant" or "HAPAG-LLOYD") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at c/o Hapag Lloyd America LLC., 399 Hoes Ln # 101, Piscataway Township, NJ 08854, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

6.      In or about May 2019, a consignment consisting of 1100 Boxes IQF Frozen Strawberries laden in refrigerated container number LNXU 7553883, and then being in good order and condition, was delivered to Hapag-Lloyd and/or its agents in Tangiers, Morocco. The cargo was booked for transit from Tangiers, Morocco to Savannah, Georgia, all in consideration of an agreed upon freight, and in consideration of Hapag Lloyd maintaining a supply air temperature of -22°C at all times.

7. On or about May 7, 2019, the aforementioned container was loaded on board the M/V OAKLAND EXPRESS and the vessel departed Tangiers.

8. Hapag Lloyd issued bill of lading no. HLCUCA5199494881 on May 7, 2019.

9. The aforementioned container was discharged at the port of Savannah, Georgia, on or about June 22, 2019 and the cargo was delivered to the designated receiver on June 25, 2019.

10. Upon delivery, it was discovered that the cargo suffered of a temperature excursion as the product was no longer individually frozen pieces ("IQF") but rather, had been subjected to temperatures which caused the cargo to become block frozen and was no longer usable for its intended purpose and as such, was rejected by the end-user.

11. The sales price of the cargo was $44,136.2; costs incurred in respect to additional handling and storage and mitigation efforts totaled $1,865.29 and the product was sold at salvage for $6,106.00 all resulting in a loss in the amount of $39,896.11.

12. As a result of the foregoing, plaintiff suffered damages in the amount of $39,896.11.

13. The damage to the cargo was not the result of any act or omission of Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, on the part of the Defendant and/or its agents.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Lamex and Lloyds, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Lamex and Lloyds, monies have been expended on behalf of Lamex to the detriment of Lloyds due to the damages sustained during carriage of the cargo.

16. As Lloyds has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, Lloyds has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

17. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $39,896.11.

### AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contract entered into between the parties, Defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

20. The Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $39,896.11.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $39,896.11.

4

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

24.     Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the Defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiffs' cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

25.     The Defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

26.     As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $39,896.11.

27.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $39,896.11.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

29.     The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

5

30. The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

31. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $39,896.11.

32. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $39,896.11.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiffs' damages in the amount of at least $39,896.11 together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 19, 2020
228-197

                                                 **CASEY & BARNETT, LLC**
                                                 Attorneys for Plaintiff

By: _____
            Martin F. Casey
            305 Broadway, Ste 1202
            New York, New York 10007
            (212) 286-0225